Ronald M. YONEMOTO,
Plaintiff—Appellant,

v.

**DEPARTMENT OF VETERANS AFFAIRS, Defendant—Appellee.**

No. 07–16366.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 2008.

Filed Dec. 8, 2008.

Jerry P.S. Chang, Esquire, Clayton C. Ikei, Esquire, Law Office of Clayton C. Ikei A Law Corporation, Honolulu, HI, for Plaintiff–Appellant.

R. Michael Burke, Esquire, Thomas A. Helper, Assistant U.S., Office of the U.S. Attorney, Honolulu, HI, for Defendant–Appellee.

Before: SCHROEDER, PAEZ and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Ronald M. Yonemoto appeals the district court's order granting partial summary judgment in favor of Defendant Department of Veterans Affairs (VA). Yonemoto requested certain documents from the VA pursuant to the Freedom of Information Act (FOIA) and the Privacy Act. The VA provided the documents, but redacted certain information from them. The VA claimed the redactions were (1) protected under FOIA Exemption 6 and (2) not part of a "system of records," as defined by the Privacy Act. The VA moved for partial summary judgment with respect to four pages of redacted emails. The district court granted partial summary judgment, and certified it for interlocutory appeal, staying the case pending appeal. We granted the current appeal pursuant to 28 U.S.C. § 1292(b).

On November 17, 2008, Yonemoto informed the court that the VA produced the redacted materials in the discovery process of his EEOC claim. This production moots Yonemoto's claims. *See Papa v.*

* This disposition is not appropriate for publication and is not precedent except as provided

*United States,* 281 F.3d 1004, 1013 (9th Cir.2002) (stating production of all nonexempt material, "however belatedly," moots FOIA claims). Yonemoto argues that the claim is not moot, because the decision would be applicable to other FOIA/Privacy Act claims pending before the district court. We disagree. The district court has not ruled on those issues. Given the disclosure of the disputed redacted materials in his EEOC action, Yonemoto may receive the remaining materials in any event. *See Church of Scientology of Cal. v. Dep't of Army,* 611 F.2d 738, 746 (9th Cir.1979) (noting the availability of any alternative means of obtaining the requested information is a factor in determining whether disclosure is proper). Upon remand, the district court can determine whether Yonemoto's entire claim is moot.

DISMISSED AS MOOT.